E-FILED
Tuesday, 15 November, 2011 02:14:23 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| WILLIAM D. SKELTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 10-CV-3150 |
| ) | |
| STEVE NICHOLS and ) | |
| MARY SHAFER, ) | |
| ) | |
| ) | |
| Defendants. ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding *pro se*, pursues a claim that the cold temperatures during his confinement at the Logan County Jail violated his constitutional rights. Now before the Court is Defendants' motion for summary judgment. Plaintiff offers no evidence that he exhausted his administrative remedies. Nor does he offer evidence that Defendants were deliberately indifferent to the cold temperatures. Accordingly, summary judgment will be granted for Defendants.

**SUMMARY JUDGMENT STANDARD**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as

1

a matter of law." Fed. R. Civ. P. 56(a). A movant may demonstrate the absence of a material dispute through specific cites to admissible evidence, or by showing that the nonmovant "cannot produce admissible evidence to support the [material] fact." Fed. R. Civ. P. 56(c)(B). If the movant clears this hurdle, the nonmovant may not simply rest on his or her allegations in the complaint, but instead must point to admissible evidence in the record to show that a genuine dispute exists. Id.; Harvey v. Town of Merrillville, 649 F.3d 526, 529 (7th Cir. 2011). "In a § 1983 case, the plaintiff bears the burden of proof on the constitutional deprivation that underlies the claim, and thus must come forward with sufficient evidence to create genuine issues of material fact to avoid summary judgment." McAllister v. Price, 615 F.3d 877, 881 (7th Cir. 2010).

At the summary judgment stage, evidence is viewed in the light most favorable to the nonmovant, with material factual disputes resolved in the nonmovant's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A genuine dispute of material fact exists when a reasonable juror could find for the nonmovant. Id.

## ANALYSIS

Plaintiff does not respond to Defendants' evidence that Plaintiff failed to file a grievance about the cold temperatures. Because Plaintiff filed this case while

2

incarcerated, he was required to exhaust his administrative remedies before filing. 42 U.S.C. § 1997e(a). Thus, the case could be dismissed without prejudice on exhaustion grounds.

However, the better path in this particular case is to address the merits of the claim, since the parties have already conducted discovery. To prove his constitutional claim, Plaintiff must have evidence showing that the conditions he suffered were serious and that Defendants were deliberately indifferent to those conditions. <u>Sain v. Wood</u>, 512 F.3d 886, 893-94 (7th Cir. 2008).

Plaintiff alleges that, during his incarceration in Logan County Jail, the heat was off during the coldest days of winter. He alleges that ice clung to his cell walls and windows.

Defendants concede that, "[b]etween December 22, 2009 and January 5, 2010, certain portions of the cell block area of the Logan County Jail experienced lower than normal temperatures." (Defendants' undisputed fact 9, d/e 28). However, Plaintiff does not dispute that repairs were performed during this time, extra blankets were handed out, space heaters were placed outside the cell block areas, and inmates were transferred to warmer cells.

On this record, even assuming that Plaintiff suffered a sufficiently serious

3

deprivation, no evidence exists that Defendants were deliberately indifferent. To show deliberate indifference, Plaintiff must have evidence that Defendants recklessly disregarded an excessive risk. *See, e.g.,* Dixon v. Godinez, 114 F.3d 640, 645 (7th Cir. 1997)(deliberate indifference could be inferred from extreme cold which persisted for years in protective custody unit). Plaintiff contends that only one small space heater was used to heat an entire side of the Jail, and that a grand jury report dated January 13, 2010, advised that the heating system needed improvement. (d/e 31, p. 11). However, these facts do not establish that Defendants were deliberately indifferent to the problem. Defendants did not disregard the problem but instead dealt with it.

IT IS THEREFORE ORDERED:

    1) Defendants' motion for summary judgment is granted (d/e 28). The clerk of the court is directed to enter judgment in favor of Defendants and against Plaintiff. All pending motions are denied as moot, and this case is terminated, with the parties to bear their own costs.

    2) If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal in forma pauperis
should identify the issues Plaintiff will present on appeal. See Fed. R.

App. P. 24(a)(1)(c).

ENTERED: November 15, 2011

FOR THE COURT:

                                **s/Sue E. Myerscough**
                             SUE E. MYERSCOUGH
                             UNITED STATES DISTRICT JUDGE